**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50509
Summary Calendar

BEULAH E. DOWNS, as representative of the
Estate of Lynn Downs, deceased,

Plaintiff-Appellant,

VERSUS

HARTFORD LIFE INSURANCE COMPANIES,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(A-94-CV-526)
April 23, 1996

Before HIGGINBOTHAM, DUHÉ and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Mrs. Downs sued to recover proceeds on an accidental death policy issued by Hartford on the life of her husband. The magistrate judge issued a report and recommendation wherein he recommended granting Hartford's motion for summary judgment. The district court adopted the recommendation and granted Hartford's motion dismissing the claim. We affirm.

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The policy clearly requires that the injury result "directly from accident and independently of all other causes...." Injuries resulting from sickness or disease are specifically excluded. All evidence in the case shows that, although death occurred shortly after the deceased suffered a fall, the cause of death was long-standing arteriosclerotic disease. It was the sole cause of death on the amended death certificate and a contributing cause on the original certificate, and was confirmed by autopsy. There is no issue as to this material fact, therefore the district court was correct in granting the motion for summary judgment.

We note the following statement in the magistrate judges's report and recommendation: "The Plaintiff has failed to establish by a preponderance of the evidence that Downs' death resulted solely from accidental means independent of all other causes." While this is a correct statement of what is in the record, it is not the applicable standard. At the summary judgment stage the question is simply whether the non-movant has created an issue of material fact. Despite this error, we affirm because our review of the record makes clear that no issue of material fact was created.

AFFIRMED.